Curia, per Wardlaw, J.
This case was hastily decided, after a short argument, at the close of a heavy circuit. I am now satisfied that the motion for nonsuit should not have been granted.
In the case of Mendez vs. Carreroon, 1 Lord Raym. 742, Lord Holt held, in an action brought against the acceptor by an indorsee, who had taken up a bill of exchange upon which he had been sued by a subsequent in-dorsee, that the custom of merchants required the production of a receipt, but that it would be sufficient if the plaintiff proved that he had paid the bill; and for want of that proof the plaintiff was nonsuit. It is said in a note to 2 Stark. Ev. 250, that the record having been consulted, it was found that in that case the plaintiff did not declare on the bill as indorsee, but specially alleged his payment of the money to the subsequent indorsee, upon default of the acceptor.
There is now, however, no doubt that in such case the indorsee who has taken back the bill, may sue on the bill against the prior parties 7 T. R. 571; ( Cowley vs. Dunlop) and even negotiate the bill again ; 3 M. & S. 97, *175 ( Callow vs. Lawrence). Where such indorsee declares on the bill, although proof of payment may, perhaps, be required if the bill had been negotiated specially, no such proof is essential if the indorsements have all been in blank, as in this case. As said by Ch. J. Eyre, in Walwyn vs. St. Quintín, 1 B. & P. 658, the indorsers may arrange the matter among themselves, and any one indorsee may sue, striking out all the names upon the bill below his own.
It is said here, however, that there was no arrangement between Robinsons & Caldwell and the plaintiff that he should sue. But there was a delivery of the note to him upon an agreement, which, liberally construed, means that it had been exchanged for a draft, which, when paid, should be payment in full. This action is brought by one who, at the commencement of this suit, had possession of the note, who ever since could have delivered to the defendant the note and a perfect acquittance, and whose right to sue appears upon the note. The defendant has no right to inquire into the private arrangement subsisting between other parties, when no mala fides is imputed to the possession of the holder, and the legal right of action is in the holder. Motion granted — nonsuit set aside.
Richardson, O’Neall, Evans, Butlek, and Frost, JJ. concurred.